977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Myrna M. DEVINE, Plaintiff-Appellant,
v.
THALHIMERS, a Virginia Corporation, Defendant-Appellee.
 No. 92-1084.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 14, 1992
Decided: October 16, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CA-90-2035-2)
 Fred Henderson Moore, Charleston, South Carolina, for Appellant.
 Charles T. Speth, II, Leigh Mullikin Nason, Haynsworth, Baldwin, Johnson & Greaves, P.A., Columbia, South Carolina, for Appellee.
 D.S.C.
 Affirmed.
 Before WIDENER, HALL, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Myrna M. Devine brought an action against her former employer, Thalhimers, alleging causes of action for employment discrimination and common law outrage. Devine appeals from the district court's order adopting the magistrate judge's recommendation and granting summary judgment for Thalhimers. We find that Devine failed to establish a prima facie case of employment discrimination or outrage; consequently, we affirm.
 
 
 2
 Devine filed a complaint against her employer, Thalhimers, in federal district court, alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by attempting to transfer her because of her race to a position with reduced responsibility, which ultimately forced her to resign, and committed the common law tort of outrage by humiliating, embarrassing, and intimidating her. Defendant filed a motion for summary judgment on the grounds that Devine failed to establish a prima facie case of discrimination or outrage. After a hearing, the magistrate judge recommended granting summary judgment for Defendant. Devine filed objections to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's recommendation and granted summary judgment for Defendant. Devine timely appealed.
 
 
 3
 Summary judgment is appropriate when there is no genuine issue of material fact that could lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (citing Anderson, 477 U.S. at 255). This Court reviews de novo a district court's decision to grant summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 I.Employment Discrimination
 
 4
 In employment discrimination cases, the plaintiff bears the burden of establishing a prima facie case of discrimination before the burden of proof shifts to the defendant to show a legitimate, nondiscriminatory reason for its action. Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 121 (4th Cir. 1991). To establish a prima facie case of employment discrimination, the plaintiff generally must show that: (1) she belongs to a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) despite her qualifications and satisfactory performance, she suffered an adverse employment decision; and (4) there is some evidence that race was a determining factor in the employer's decision. See Holmes v. Bevilacqua, 794 F.2d 142, 147 (4th Cir. 1986) (en banc).
 
 
 5
 There is no genuine issue of material fact preventing summary judgment on Devine's racial discrimination claim, because Devine failed to show that she suffered an adverse employment decision and therefore could not establish a prima facie case of employment discrimination. Thalhimers first attempted to transfer Devine from her position as Sales Manager of the Men's Department to become Sales Manager of the Lingerie Department. She still would hold the same title, receive the same salary, and be eligible for the same bonuses. The only difference between the two positions was that the Men's Department had a higher sales volume than the Lingerie Department and according to Devine was a more prestigious department. It is questionable whether such differences would make a transfer from Men's to Lingerie an adverse employment decision.[1] However, it is unnecessary to make such a determination because when Devine objected to the transfer, Thalhimers offered to let her remain as the Sales Manager of the Men's Department, requiring only that she prepare a plan for improving her performance in that job. Devine's rejection of this offer and subsequent resignation were her own choice and not the result of any adverse employment decision by Thalhimers.
 
 
 6
 Devine also failed to establish a cause of action under the theory of constructive discharge. To show constructive discharge in this Circuit, an employee must show that her employer deliberately created intolerable working conditions which forced her to quit her job. Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985), cert. denied, 475 U.S. 1082 (1986). Even viewing the evidence in the light most favorable to Devine, there was no genuine issue of material fact preventing summary judgment on this claim. When initially Devine submitted her resignation, her supervisor refused to accept it and gave her paid time off to reconsider her decision. After she returned to work and still wished to resign, Thalhimers offered to allow her to remain the Sales Manager of the Men's Department. Thalhimers' efforts to convince Devine not to quit indicate that the employer did not intend to force her to resign. Holsey v. Armour & Co., 743 F.2d 199, 209 (4th Cir. 1984), cert. denied, 470 U.S. 1028 (1985). Furthermore, when Thalhimers made such efforts to convince her to stay, a reasonable person in Devine's position would not feel compelled to resign. Bristow, 770 F.2d at 1255.
 
 
 7
 II.Failure to Compel Discovery of Statistical Data
 
 
 8
 Before Thalhimers filed its motion for summary judgment, Devine filed a motion on March 22, 1991, seeking to compel discovery of statistical data concerning Thalhimers' work force from 1986 through 1990. This issue was resolved during a status conference on March 25, 1991, and Devine failed to file an appeal with the district court. In her December 9, 1991, objections to the magistrate judge's report and recommendation, Devine for the first time objected to the magistrate judge's March 25, 1991, decision not to compel discovery of the statistical data, contending that this decision undermined her efforts to establish a cause of action for racial discrimination based on disparate impact.
 
 
 9
 At the time the magistrate judge entered his discovery order, Fed. R. Civ. P. 72(a) provided that a district court"shall consider objections made by the parties [to a magistrate judge's nondispositive pretrial order], provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to the law." The district court did not address this issue when it adopted the magistrate judge's recommendation and granted summary judgment for Thalhimers. Devine failed to properly appeal the magistrate judge's order. Accordingly, she waived review of the issue. See Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986).
 
 
 10
 Devine failed to establish a prima facie case of employment discrimination.[2] Accordingly, we affirm the district court's order granting summary judgment to Thalhimers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The law is unsettled concerning when a lateral transfer constitutes an adverse employment decision. See Collins v. Illinois, 830 F.2d 692, 704 (7th Cir. 1987) (transfer involving same pay and benefits but objective loss of prestige such as removal from private office is adverse employment action). But cf. Hudson v. Southern Ductile Casting Corp., 849 F.2d 1372, 1375 (11th Cir. 1988) (temporary transfer from foreman to plant guard not demotion where no loss of pay or benefits); Darnell v. Campbell County Fiscal Court, 731 F. Supp. 1309, 1313 (E.D. Ky. 1990) (transfer to job with same pay, same benefits, and same title not adverse employment decision even though new job requires longer commute), aff'd, 924 F.2d 1057 (6th Cir. 1991)
 
 
 [2]
 Devine has not specifically alleged in this appeal that the district court erred by granting summary judgment for Thalhimers regarding her claim of outrage, and, in fact, summary judgment was appropriate. To establish a claim for outrage or intentional infliction of emotional distress, a plaintiff must prove four factors:
 (1)the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;
 (2)the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious and utterly intolerable in a civilized community";
 (3)the actions of the defendant caused the plaintiff's emotional distress; and
 (4)the emotional distress suffered by the plaintiff was "severe" so that "no reasonable man could be expected to endure it."
 Holtzscheiter v. Thomson Newspapers, Inc., 411 S.E.2d 664, 666 (S.C. 1991) (quoting Ford v. Hutson, 276 S.E.2d 776, 778 (S.C. 1981) (citations omitted)). Devine failed to establish these elements in this case.